UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNEX TCT LLC, et al.,<br><br>Defendants. | Case No. 24-cv-03457-RS<br><br>**ORDER CONSTRUING FIRST AMENDED COMPLAINT AS MOTION FOR RECONSIDERATION AND DENYING MOTION** |

## I. INTRODUCTION

Plaintiff Patton A. Carney has filed a "First Amended Complaint" in this matter and requested a referral to the Federal Pro Bono Project, despite the entry of judgment on October 15, 2024. *See* Dkt. 15. While Plaintiff was granted leave to amend his complaint after Defendant's motion to dismiss was granted, the deadline for any such amendment was October 12, 2024. Therefore, his amendment is untimely and will be construed as a motion for reconsideration.

Because Plaintiff has not shown any grounds for reconsideration, his motion is denied. Additionally, his request for the appointment of pro bono counsel and his motion to proceed *in forma pauperis* are denied, as this matter has concluded.

## II. BACKGROUND

Plaintiff brought this putative *qui tam* action, averring violations of the California False Claims Act ("CFCA"). *See* Cal. Gov. Code § 12650 et seq. Plaintiff initially filed this case in California state court, and the State of California declined to intervene. Defendant Transdev removed the action on June 7, 2024. Defendant's motion to dismiss the complaint was granted on

1  August 26, 2024. On August 28, 2024, Plaintiff was informed via order he had forty-five days to

2  file an amended complaint. He was also given the contact information for the Federal Pro Bono

3  Project. Plaintiff then filed a motion to vacate the order dismissing his complaint. That vacatur

4  motion was denied on September 6, 2024.

5  The forty-five-day deadline to amend passed on October 12, 2024. On October 15, 2024,

6  Plaintiff filed a "First Amended Complaint" ("FAC"), a motion to proceed *in forma pauperis*, and

7  a motion requesting the appointment of pro bono counsel. Plaintiff's FAC reiterates his claims

8  under the CFCA, adding claims under the federal False Claims Act ("FCA") and its reverse false

9  claims provision. *See* 31 U.S.C. § 3729(a)(1)(G). Because Plaintiff's FAC was untimely, it will be

10  construed as a motion seeking reconsideration of the judgment.

### III. LEGAL STANDARD

12  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

13  finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.

14  2003) (quoting 12 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed.

15  2000)). As such, it should not be granted "absent highly unusual circumstances." *Marlyn*

16  *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting

17  *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). Under this District's local

18  rules, a party must first seek and be granted leave to file a motion for reconsideration, and may

19  prevail on such a motion only by demonstrating at least one of the following: (1) "That at the time

20  of the motion for leave, a material difference in fact or law exists from that which was presented to

21  the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "The

22  emergence of new material facts or a change of law occurring after the time of such order"; or (3)

23  "A manifest failure by the Court to consider material facts or dispositive legal arguments which

24  were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b); *see, e.g.*, *Diaz v.*

25  *Tesla, Inc.*, No. 17-cv-06748-WHO, 2022 WL 17584235, at *1 (N.D. Cal. Dec. 12, 2022).

## IV. DISCUSSION

Plaintiff did not seek leave to file a motion for reconsideration, as required by the local rules. Civ. L.R. 7-9(a). Even assuming Plaintiff correctly sought and was granted leave to file such a motion, reconsideration is not warranted based on the information included in his FAC. Plaintiff avers Defendants violated California regulations on corporate registration and Internal Revenue Service ("IRS") rules on the assignment and usage of Employment Identification Numbers ("EINs"). While Plaintiff contends these new averments address the insufficiencies of his first complaint, they do not offer any material difference in fact or law from what was presented before dismissal. Plaintiff's motion does not offer evidence of newly unearthed facts or changes of law occurring after the dismissal of his complaint. Finally, Plaintiff is unable to demonstrate material facts or dispositive legal arguments were presented but not considered, as Plaintiff's newly added claims were not presented at the motion to dismiss phase.

## V. CONCLUSION

Plaintiff's motion for reconsideration is denied. Plaintiff's motions to proceed *in forma pauperis* and seeking appointment of pro bono counsel are also denied. If Plaintiff wishes to file an entirely new complaint, he may wish to consult the Federal Pro Bono Project, the Northern District of California's free legal helpdesk for self-represented individuals. Plaintiff can email fedpro@sfbar.org or call 415-782-8982 to get in touch with the Federal Pro Bono Project. The helpdesk will be able to aid Plaintiff in signing up to become an e-filer and receive the Courts filings electronically.

**IT IS SO ORDERED**.

Dated: October 24, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER ON MOTION FOR RECONSIDERATION
CASE NO. 24-cv-03457-RS

3